Per Curiam :
The plaintiff, K. C. West, a veteran’s preference employee, was employed as chief steward by the National 'Oceanic and Atmospheric Administration (NOAA) of the Department of Commerce aboard the ship Davidson. He had been employed by NOAA since January 27, 1965, when he retired from the Navy after 20 years service. He had been chief steward since January 16,1970.
On or about June 29, 1972, plaintiff was notified of the proposal to remove him from his position on the following charges:
1. Unauthorized use, possession and disposition of Government provisions and personnel. (Giving away meat from the ship Davidson, and ordering a subordinate messman to get steaks from the Davidson and bring them to plaintiff in a tavern.)
2. Negligence in the performance of his duties. (Failure to obtain sufficient milk and bread for the crew of the Davidson.')
3. Unwarranted tardiness. (Failure to report for duty on May 1,1972, at the required time.)
Plaintiff replied to the charges through counsel on July 20, 1972. Thereafter, on August 22, 1972, the chief of the per *515 sonnel division issued bis decision removing plaintiff, effective September 1,1972. Subsequent to the decision of removal, plaintiff filed a formal complaint of discrimination on account of race on August 29, 1972. (Plaintiff is a Negro.)
Plaintiff elected to appeal the agency’s decision to the Civil Service Commission’s (CSC) Eegional Office in Seattle, Washington. Proceedings were suspended pending an investigation of the discrimination complaint, which was completed February 16,1973. Plaintiff requested a hearing, which was held in March and May 1973. The appeals examiner rendered his decision sustaining the agency’s removal of plaintiff on the above charges, and finding race was not a factor leading to the adverse action against the plaintiff. The plaintiff then appealed to the Board of Appeals and Eeview (BAE), which affirmed the decision of the CSC Eegional Office on September 27, 1973. The plaintiff then filed this suit for reinstatement and back pay, claiming various substantive and procedural errors. The case is before us on cross-motions for summary judgment.
One of plaintiff’s principal complaints is that it was error for the discrimination report to be introduced into evidence at the hearing. The report showed there was no discrimination. The plaintiff contends that the report contained hearsay statements and that since he initiated the investigation he should have the right to decide whether it should be put into evidence. We find no basis in the law for any such theory. The agency was entitled to consider the report. Furthermore, the fact that the report contained hearsay statements did not make it inadmissible. It is well settled that hearsay is admissible in an administrative hearing and can constitute substantial evidence if it has sufficient probative force. See Richardson v. Perales, 402 U.S. 389 (1971).
We conclude that there was substantial compliance by the agency, the CSC and the BAE, with applicable statutes and regulations; that their actions and decisions have not been arbitrary or capricious; and that their decisions are supported by substantial evidence.
Accordingly, plaintiff’s motion for summary judgment is denied, and that of the defendant is granted, and plaintiff’s petition is dismissed.